**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PAINTERS' DISTRICT COUNCIL NO. 30, INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO, | |
| Plaintiff, | |
| v. | Case No. 19-cv-02329 |
| ROCK-IT INTERIORS, INC., and EZEQUIEL HERNANDEZ, | |
| Defendants. | |

**PLAINTIFFS' MOTION**
**FOR ENTRY OF JUDGMENT BY CONFESSION**

Plaintiffs respectfully move this Court for entry of judgment by confession against Defendant Rock-It Interiors, Inc. ("Rock-It"). In support of this motion, Plaintiffs state as follows:

1. On April 5, 2019, Plaintiffs filed the above-captioned action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as amended, seeking confirmation and enforcement of a labor arbitration award, and pursuant to Illinois law to collect on a delinquent promissory note.

2. In October 2019, the parties entered into a settlement agreement ("Agreement") that would ultimately have disposed of the action. A copy of the Agreement is attached hereto as Exhibit A.

3. Pursuant to the Agreement, Rock-It agreed to pay Plaintiffs a total of $51,901.75, payable in a lump-sum payment of $15,000 on October 15, 2019, followed by a series of monthly payments from November 1, 2019 through October 1, 2020. (Ex. A at ¶ 1) The

Agreement provides that Plaintiffs will move to dismiss the Complaint within seven days of their receipt of the October 15, 2019 payment. (Ex. A at ¶ 3)

4.      The Agreement also provides that Rock-It shall be in default if, *inter alia*, it fails to make any payment required by the Agreement, subject to a five business day period in which it can cure any such failure. In the event of a default, Rock-It agreed and authorized any attorney to appear for Rock-It and confess judgment for the full balance remaining due under the Agreement. (Ex. A at ¶ 5) The Agreement further provides that if Rock-It is in default, and Plaintiffs take steps to enforce the Agreement through litigation or otherwise, Rock-It shall pay Plaintiffs' reasonable attorneys' fees incurred in enforcing the Agreement. (Ex. A at ¶ 6)

5.      Rock-It failed to make the $15,000 payment required by the Agreement on October 15, 2019. Rock-it further failed to make the $3,075.15 payment required on November 1, 2019.

6.      Between October 15, 2019, and October 31, 2019, Plaintiffs notified Defendant on at least two occasions that the October 15, 2019 payment had not been received. Nevertheless, Defendants did not deliver the required payment.

7.      On November 1, 2019, Plaintiff's counsel formally notified Rock-It via email that it had not made the October 15, 2019 or November 1, 2019 payments required by the Agreement, and that it had five business days in which to cure its delinquency. A copy of Plaintiffs' counsel's email is attached to this Motion as Exhibit B.

8.      To date, Rock-It has not made either required payment, and is in default.

9.      Confession of judgment clauses (or "cognovit notes") are enforceable in federal court and under the U.S. Constitution. *IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 994 (7th Cir. 2008) ("Even confession-of-judgment clauses in cognovits

notes are enforceable") (citing *D. H. Overmeyer Co.*, 405 U.S. 174 (1972)); *Soc'y of Lloyd's v. Ashenden*, 233 F.3d 473, 479 (7th Cir. 2000) (enforcing confessed judgment).

10.     Similarly, Illinois law recognizes the enforceability of a confession of judgment provision by expressly authorizing by statute that "any person for a debt bona fide due may confess judgment by himself or herself or attorney duly authorized, without process." 735 ILCS 5/2-1301 (West 2016).

11.     Because the Agreement, signed by Rock-It, expressly provides that any attorney may appear for Rock-It and confess judgment without process, Plaintiffs are entitled to immediate entry of judgment in favor of Plaintiffs and against Rock-It.

12.     Plaintiffs have incurred fees and will incur additional fees in enforcing the Agreement.

13.     In the Settlement Agreement, Rock-It waived service of process for this action and waived all errors in the entry of any judgment by confession. (Ex. A at ¶ 6) Notwithstanding Rock-It's waiver of service of process, Plaintiffs will send a copy of this motion to Rock-It once it is filed.

WHEREFORE, Plaintiffs respectfully move the Court for entry of judgment in Plaintiffs' favor and against Rock-It in the amount of $51,901.75, plus costs, interest, reasonable attorneys' fees and expenses, and such further relief as the Court deems just.

Respectfully submitted,

s/ Charles P. Burns
*Attorney for Plaintiff*

Brandon Anderson
Charles Burns
JACOBS, BURNS, ORLOVE & HERNANDEZ

150 North Michigan Ave. Suite 1000
Chicago, IL 60601
(312) 327-3427
banderson@jbosh.com
cburns@jbosh.com

**CERTIFICATE OF SERVICE**

I certify that on November 19, 2019, I caused to be served the foregoing **Motion for Entry of Judgment by Confession** by filing it electronically with the Clerk of Court using the CM/ECF system, which shall provide notification by email of such filing to all counsel of record.


/s/ Charles P. Burns
Charles P. Burns